UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KRIS KLOS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 20-10757-ADB |
| | * | |
| MICHAEL KLOS, et al., | * | |
| | * | |
| Defendants. | * | |
| | * | |

MEMORANDUM AND ORDER

BURROUGHS, D.J.

*Pro se* litigant Kris Klos has filed a complaint [ECF #1] in which he brings claims under 42 U.S.C. § 1983 against his former wife, four other individuals, and the state revenue departments of Texas and Massachusetts. The alleged misconduct concerns Klos's divorce proceedings, child visitation, and child support payments. Defendant Kimberly Waits, Klos's former wife, is the only defendant who has responded to the complaint. She has filed a motion to dismiss for insufficient service of process and failure to state a claim upon which relief can be granted [ECF #9]. For the reasons set forth below, the Court will grant Waits's motion on the ground that Klos has failed to state a claim against her upon which relief can be granted. The Court will also dismiss all claims against the other defendants.

I. **Factual Allegations and Relief Sought**

For purposes of this motion to dismiss, the Court, as it must, "accept[s] as true all well-pleaded facts alleged in the complaint and draw[s] all reasonable inferences therefrom in the pleader's favor." *A.G. ex rel. Maddox v. Elsevier, Inc.*, 732 F.3d 77, 80 (1st Cir. 2013) (quoting *Santiago v. P.R.*, 655 F.3d 61, 72 (1st Cir. 2011)). In addition, the Court liberally construes the

pleading because Klos is proceeding *pro se*. *See Haines v. Kerner,* 404 U.S. 519, 520-21 (1972).

For purposes of this action, the Court will consider the allegations from the two documents Klos filed on April 17, 2020 [ECF ##1, 1-1] as the operative complaint. On that date, the Clerk of this Court received from Klos two separate documents, each of which was labeled as a complaint, one civil cover sheet, one category sheet, and $400 for the filing fee. In one of the complaint documents, Klos identifies Waits, Michael Klos, Marcy Klos, the Massachusetts Department of Revenue, the Texas Department of Revenue, Gail Haney, and Sharla Been as defendants. This document was docketed as ECF #1 and will be considered the main document. In the second complaint document, Klos identifies the Massachusetts Department of Revenue and the Texas Department of Revenue as defendants. This document was docketed as ECF #1-1, an attachment to the main document [ECF #1]. The factual allegations in both documents are almost identical, but the prayers for relief are different. Due to the overlap of defendants and factual allegations and Klos's payment of only one filing fee, the Clerk's office telephoned Klos for clarification. Klos informed the Clerk that he had anticipated that the documents would be treated as a single action, and the Court will therefore treat the two documents together as a single complaint.[1] Unless otherwise noted, quotations are from the pleading docketed as the main docket for ECF #1.

In or around 1989, Klos and Waits were the parties to a divorce proceeding in Texas.

---

[1] In support of her motion to dismiss, Waits includes a copy of an unsigned complaint in which Klos is the plaintiff and she is the sole defendant [ECF #10-1]. This complaint was never filed with the Court. The factual allegations therein are minimal and do not provide any factual representations that are not included in the pleading Klos filed on April 17, 2020. Waits represents that the unsigned complaint was served on her with an invalid summons, and that she was never served the complaint filed on April 17, 2020. As set forth, *infra*, the complaint filed on April 17, 2020 fails to state a claim against Waits from on which relief may be granted. Thus, the Court declines to address the issues of service on Waits and the merit of the unsigned pleading allegedly served on Waits.

Since that time, Klos's life has been fraught with difficulties concerning his children and former wife. For example, Waits defied a court order that required the couple's assets to be frozen. Klos's signature was forged on documents concerning their joint bank account and for the sale of their jointly-owned home. Waits used her employment at the Hereford Police Department and other law enforcement agencies in Texas to harm Klos. She ran over Klos with her car and broke into Klos's apartment. When Klos reported the incidents to law enforcement, the officers refused to take his statement and threatened him with arrest if he were to return to the police. Over the next eight years, Waits "used her position in the police department to find [his] whereabouts and contact [his] employers to make false reports on [his] character, which often caused [him his] jobs, leaving [him] homeless." Compl. [ECF #1] at 8.

At some point, Klos's grandmother gifted him $30,000. Klos intended that these funds go to Waits to satisfy his child support obligation. However, when defendants Michael Klos and Marcy Klos (the plaintiff's brother and sister-in-law) gave Waits the $30,000 from Klos, Michael Klos characterized the money as a "gift." As a result, "the courts did not properly record this as payment for child support." *Id.* at 9. Thus, when Klos later moved to Massachusetts, he learned that authorities in Texas still expected him to pay a child support obligation that he believed had been satisfied. He sought a hearing on the matter in Massachusetts. A hearing date was set, "only to have it canceled with no advance notice of explanation," and Klos cannot "get [anyone] to explain why this happened." *Id.* Presumably because the Commonwealth of Massachusetts believes Klos has not satisfied his child support obligations, Klos's driver's license has been revoked and Massachusetts authorities have "threaten[ed] to revoke any other licenses [he] may hold which prevent [him] from taking care of [his] family and providing for them." *Id.* Klos cannot return to Texas to resolve this matter in person "as he ha[s] been threatened with

3

immediate incarceration if [he] step[s] foot in the state." *Id.*

Klos's family also purposefully kept Klos's daughter and son away from him. Klos discovered that, at a time when he had joint custody of the children, his children "regularly" visited Michael Klos and Marcy Klos. *Id.* at 7  Even though Klos's brother and sister-in-law lived "not far from where [Klos] lived for 7 years," they "never informed [Klos] that [his children] were nearby and did not "allow [him] to see [his] children even though [he] had visitation rights. *Id.* at 9.  He was "denied access to [his] children for more than 16 years." *Id.*

In short, Klos has "sustained mental and physical harm from the denial of due process, access to [his] children, and financial hardship over the past 31 years." *Id.* at 5.  He "went to court to try to tell [his] side of the story, to present [his] evidence, only to be denied due process repeatedly, by local law enforcement, to a judge in divorce court, to appeals made to the Department of Revenue in Texas as well as Massachusetts." *Id.* at 4.

From the individual defendants, Klos seeks damages in the amount of one-half of the value of his home in 1989 and one-half of the amount that he and Waits had in their joint bank account.  He seeks damages for the income he would have earned "had [his] ex-wife not interfered with [his] employment" and the $30,000 in child support that he gave Waits that was wrongfully reported as a gift. *Id.*  Klos asks for compensatory damages for the emotional, mental, and physical harm he has suffered over the past thirty-one years.

In his pleading against the Massachusetts Department of Revenue and the Texas Department of Revenue [ECF #1-1], Klos asks that his driver's license be reinstated immediately and that the Commonwealth of Massachusetts return to him "all funds they have taken from [him] to date, $20,000." *Id.* at 5.  Klos demands that the State of Texas "drop claim to

4

$123,097.30 they claim [he] owe[s] on the $30,000 in child support that [he] already paid in 1989." *Id.*

## II.     Discussion

**A.     Standard of Review**  Waits, through counsel, has moved under Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint for failure to state a claim upon which relief may granted, which Klos has not opposed.  She is the only party who has responded to the complaint.  Klos filed proof of service as to Michael Klos and Marcy Klos, but they have not filed anything with the Court.  There is no record on the docket of service on Gail Haney, Sharla Been, and the state departments of revenue.

Notwithstanding the lack of response from the defendants other than Waits, the Court will consider the viability of the claims against each defendant.  A court always has inherent power to dismiss frivolous actions, even if the filing fee has been paid. *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (per curiam) ("stating that "the District Court properly determined that it possessed the power to dismiss the instant action sua sponte, notwithstanding the fact that [the plaintiff] had paid the $150 filing fee rather than requesting permission to proceed in forma pauperis"); *see also Mallard v. United States Dist. Ct.*, 490 U.S. 296, 307-308 (1989) (stating that "[s]tatutory provisions may simply codify existing rights or powers," and that "[s]ection 1915(d) [of Title 28 of the United States Code], for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision"[2]); *Brockton Sav.*

---

[2] "Section 1915(d)" is a reference to the former 28 U.S.C. § 1915(d), which was the predecessor to the current 28 U.S.C. § 1915(e)(2)(B).  The former § 1915(d) permitted a court to dismiss an *in forma pauperis* complaint if the court was "satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d) (amended 1996).

*Bank. v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 11 n.5 (1st Cir. 1985) (stating that the court has "long recognized 'the inherent and necessary power of courts of general jurisdiction to protect members of the public from vexatious suits through an exercise of the right to dismiss frivolous proceedings'" (quoting *O'Connell v. Mason*, 132 F. 245, 247 (1st Cir. 1904))).  As used in this context, the term "frivolous" "is used to denote not only a claim wholly lacking in merit but also a suit that, for whatever reason, clearly can't be maintained."  *Okoro v. Bohman*, 164 F.3d 1059, 1063 (7th Cir. 1999).

To state a claim upon which relief may be granted, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The "fundamental purpose" of this pleading rule "is to protect a defendant's inalienable right to know in advance the nature of the cause of action being asserted against him."  *Martinez v. Petrenko*, 792 F.3d 173, 179 (1st Cir. 2015 (quoting *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 84 (1st Cir. 2008)); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (stating that Rule 8(a)(2) "requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests'" (alteration in original) (quoting Fed. R. Civ. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957))).

### B.     Gail Haney and Sharla Been

Klos has failed to state a claim upon which relief may be granted against Gail Haney and Sharla Been. Their names appear in the list of the defendants but nowhere else in the complaint. Klos has not presented any claim against them, let alone one that states a claim upon which relief may be granted.

### C.     All Other Defendants

Klos has filed this lawsuit against under 42 U.S.C. § 1983 ("§ 1983") , which provides that any "person," acting under the color of state law, who "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured."  42 U.S.C. § 1983.  In order to state a § 1983 claim, a plaintiff must allege (1) that the conduct complained of was committed by a "person" acting under color of state law; and (2) that this conduct deprived the plaintiff of rights, privileges or immunities secured by the United States Constitution or other federal law.  The word "person" has a very specific definition in the context of § 1983.  Significantly, it does not include a state or its agencies.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Because the state revenue departments of Massachusetts and Texas are not "persons" within the meaning of § 1983, Klos has failed to state a claim upon which relief may be granted against these two defendants.[3]

Michael Klos and Marcy Klos are "persons" within the meaning of § 1983, but Klos has not alleged any facts suggesting that they were acting under color of state law.  Section § 1983 ordinarily does not create a right of action against private parties.  Private conduct may be deemed to be "under color of state law" only when it is "fairly attributable" to the state, *Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922, 937 (1982), such as when a private party conspires with

---

[3] Further, it is not clear what claim, if any, Klos could bring in a federal court against the state revenue department of Massachusetts or Texas.  As state agencies, these defendants enjoy immunity under the Eleventh Amendment to United States Constitution.  The Eleventh Amendment generally is recognized as a bar to suits in federal courts against a state, its departments and its agencies, unless the state has consented to suit or Congress has overridden the state's immunity.  *See Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997); *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam); *Hudson Sav. Bank v. Austin*, 479 F.3d 102, 105-06 (1st Cir. 2007).

a state actor, *Adickes v. Kress & Co.,* 398 U.S. 144, 152 (1970).  Here, Klos has not made any factual allegations from which the Court may reasonably infer that the alleged misconduct of Michael Klos and Marcy Klos is "fairly attributable" to the state.  Accordingly, he has failed to a state a claim under § 1983 against them.

According to Klos, Waits was employed by more than one police department in Texas, and, during an eight-year period beginning in or around 1989, used her employment in law enforcement to locate Klos and make false reports about his character to his employers.  The Court assumes, without concluding, that Klos has sufficiently alleged that Waits was acting under color of law with regards to those allegations and that her alleged misconduct was a violation of his federal rights.

Notwithstanding, the § 1983 claim against Waits fails because Klos has not alleged any facts from which the Court may reasonably infer that Waits engaged in any misconduct under color of state law within the statute of limitations.  Klos's allegations against Waits are limited to her alleged conduct for an eight-year period beginning in or about 1987.  A § 1983 claim borrows the appropriate state statute governing limitations unless contrary to federal law.  *See Wilson v. Garcia*, 471 U.S. 261, 267 (1984).  In this case, the appropriate state law to apply is the two-year statute of limitations of Texas.  *See Jackson v. City of Hearne*, 959 F.3d 194, 205 (5th Cir. 2020).  This means any claim asserted by Klos which accrued before April 17, 2018 is time-barred.  Because Klos does not allege any specific misconduct by Waits occurring later than 1997 (or thereabouts) and there is no indication that any claim against her accrued after April 19, 2018, he has failed to state a § 1983 claim against her.

**III.    Conclusion**

Accordingly:

1. The motion to dismiss [ECF #9] is GRANTED for failure to state a claim upon which relief can be granted.

2. The claims against all defendants are DISMISSED for failure to state a claim upon which relief may be granted.

3. This action is DISMISSED.  The Clerk shall enter a final order of dismissal.

IT IS SO ORDERED.

Dated:  10/27/2020

      /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
DISTRICT JUDGE